UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISANA

CASEY EDWARDS                                    CIVIL ACTION NO: _____

VERSUS                                           JUDGE:_____

EFNAV COMPANY LTD. AND                           MAGISTRATE: _____
JOHN DOE NO. 1

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes petitioner, **CASEY EDWARDS,** a citizen of the United States and of the full age of majority, domiciled and residing in Parish of East Baton Rouge, State of Louisiana, who respectfully represents:

1.

The following parties are made defendants herein:

A. **EFNAV COMPANY LTD.**, a foreign corporation existing under the laws of Greece, said corporation authorized to do and doing business in the territorial waters of the United States of America, including the Mississippi River in the State of Louisiana; and,

B. **JOHN DOE NO. 1**, upon information and belief, a foreign individual of the full age of majority, the precise identity of whom is currently unknown; and

C. **M/V SPITHA,** as *in rem* defendant, an oceangoing cargo vessel being operated by EFNAV COMPANY LTD. At the time of the incident complained of herein.

2.

Plaintiff brings this suit under the general maritime law, and under maritime and admiralty jurisdiction, Title 28 U.S.C. § 1333.  Venue for plaintiff's claims is proper in this Honorable Court as the wrongful conduct leading the plaintiff's damages occurred in the Parish of St. John the Baptist, state of Louisiana.

3.

At all times pertinent hereto, plaintiff, **CASEY EDWARDS**, was employed by the United States Department of Agriculture ("USDA"). Plaintiff's job duties included the inspection of agricultural products being loaded onto commercial/merchant vessels on the Mississippi River in St. John the Baptist Parish, Louisiana.

4.

On or about August 8, 2021, at approximately 2:00 p.m., plaintiff was aboard the M/V SPITHA, a bulk cargo ship, at that time located on the Mississippi River, around the Convent area of St. John the Baptist Parish, Louisiana. Upon information and belief, defendant **EFNAV COMPANY LTD.**, under the direction and control of its agents and employees, along with defendant, **JOHN DOE NO. 1**, had transported plaintiff, as an agent and employee of the USDA, to the cargo ship in order to collect samples of product and inspect for insects and odors. Plaintiff, as agent and employee of the USDA, and in accordance with federal regulations, was assigned the task of inspecting M/V SPITHA for possible contaminants and to oversee fumigation.

5.

During her time aboard the vessel, owned and operated by defendant, **EFNAV COMPANY LTD**, plaintiff was sexually assaulted by defendant **JOHN DOE NO. 1**. More specifically, in a conference room on the second floor of the vessel above the deck, plaintiff met with the fumigation manager and **JOHN DOE NO. 1**. Unwarranted, flirtatious comments were made towards the plaintiff who was wearing a mask in accordance with COVID-19 regulations; comments included statements such as, "We need to see that pretty smile behind that mask." While attempting to exit the conference room, the passageway of the conference room was blocked by **JOHN DOE NO. 1**. Without consent, permission or invitation, the defendant, **JOH DOE NO. 1**,

forcefully pulled plaintiff's facemask off her face with his right arm, powerfully reached down plaintiff's backside with his left arm, and violently groped her buttocks while attempting to kiss her. Plaintiff immediately and instinctively screamed, "Stop!" while managing to free herself from the hold of the defendant and rushing into a restroom to seek protection from further advances from the defendant.

6.

Following the assault, Plaintiff immediately called the manager on duty to report the incident and reported to her supervisor's office. Defendant's vessel, the M/V SPITHA, was allowed to leave from the docking location despite the sexual assault being properly reported and within a timely manner. Plaintiff submits that defendant, **JOHN DOE NO. 1**, negligently, intentionally and forcefully executed sexually charged advances without her consent while aboard M/V SPITHA, owned by defendant, **EFNAV COMPANY LTD**.  Due to the inappropriate and vulgar actions of defendant named herein, plaintiff has sustained severe and debilitating emotional trauma, mental anguish, and psychological injury, among other damages.

7.

Plaintiff avers that the incident sued upon herein was caused by the negligent and deliberate actions of **JOHN DOE NO. 1**, as he executed his sexual advances upon plaintiff while aboard the M/V SPITHA on or about August 8, 2021.  This gross misconduct included, but not limited to, the following:

   A) Negligent and intentional infliction of emotional distress;

   B) Negligent and intentional infliction of physical distress and assault;

   C) Negligent and intentional infliction of acts of a sexually violent nature; and

   D) Other acts of negligence and fault to be proven at the trial of this matter.

8.

Upon information and belief, and therefore alleged, defendant, **JOHN DOE NO. 1** was an employee of defendant, **EFNAV COMPANY LTD.** at the time of the subject incident, and was in the course and scope of his employment, thus rendering **EFNAV COMPANY LTD**. liable for all damages and losses suffered by petitioners herein as a result of **JOHN DOE NO. 1**'s negligence under the theory of *respondent superior*.

9.

Additionally, and in the alternative, plaintiff avers that the incident sued upon herein was caused by the negligence of **EFNAV COMPANY, LTD.**, as it owned, operated, and had control over the crew of its vessel at the time of the incident in question. This defendant's negligence included, but is not limited to, the following:

A) Failing to provide adequate sexual assault education to its employees;

B) Failing to provide a competent, ethical crew;

C) Failing to implement appropriate training, policies and procedures in connection with sexual assault situations; and,

D) Other acts of negligence and fault to be proven at the trial of this matter.

10.

As a result of the incident sued upon herein, plaintiff, **CASEY EDWARDS**, suffered and continues to suffer emotion and psychological injuries. Additionally, as a result of the incident sued upon herein, plaintiff has suffered damages consisting of, but not limited to, past and future mental pain and suffering, past and future mental anguish and distress, past and future loss of enjoyment of life, residual disability, past and future medical expenses, past and future lost earnings and loss of income earning capacity, and other such items of damages as may be proven

at the trial of this matter.

**WHEREFORE**, plaintiff prays that after due proceedings are had, that there be judgment in favor of the plaintiff, **CASEY EDWARDS**, and against defendants, **EFNAV COMPNAY LTD., JOHN DOE NO. 1** and **M/V SPITHA**, *in solido*, for compensatory damages and all other relief allowed by law as may be reasonable in the premises, in accordance with the law and the evidence, together with legal interest from the date of judicial demand until paid and all costs of these proceedings.

Respectfully submitted:

**SAUNDERS & CHABERT**

*/s/ Henri M. Saunders*
HENRI M. SAUNDERS, LSBA No. 25236
SCOTTY E. CHABERT, JR. LSBA No. 30434
6525 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 771-8100
Facsimile: (225) 771-8101
hsaunders@saunderschabert.com
*Attorneys for Plaintiff, Casey Edwards*